**Edvin DEMA, Dolores Dema,**
**Petitioners.**

v.

**Alberto R. GONZALES, Attorney**
**General of the United States,**
**Respondent.**

No. 06–0137–AG.

United States Court of Appeals,
Second Circuit.

Aug. 17, 2006.

Thomas W. Vanasse, Sharman M. Leventon, Leon Wildes, Wildes & Weinberg, P.C., New York, NY, for Petitioners.

R. Alexander Acosta, U.S. Atty. for the Southern District of Florida, Anne R. Schultz, Suzan Hill Ponzoli, Emily M. Smachetti, Asst. U.S. Attys., Miami, FL, for Respondent.

Present JON O. NEWMAN, GUIDO CALABRESI and SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, except that the agency's frivolous finding is REVERSED.

Edvin Dema, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Matthew D'Angelo's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), in which his wife was named a derivative beneficiary. We assume the parties' familiarity with the underlying facts and procedural history of this case.[1]

Despite Dema's contentions otherwise, the BIA need not adopt and affirm the IJ's decision in order for this Court to review the IJ's decision. Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). Accordingly, all of the factors cited by the IJ in making the adverse credibility determination are subject to review. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Although we do not agree with all of the IJ's adverse credibility factors, remand is not required because we can confidently predict that the decision-maker would reach the same conclusion on remand. *See Xiao Ji Chen*, 434 F.3d at 162. The non-erroneous factors were sufficient for the IJ to question both the events that occurred in Albania and whether Dema fears harm upon return to Albania. Dema was inconsistent about whether he had been beaten by Zef Kjeri in the past and whether his father was in prison, and Dema's wife's testimony was certainly questionable regarding Dema's involve-

---

1. As an initial matter, although petitioner is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 135 (2d Cir.2006).

ment in the Democratic Party ("DP"). Moreover, Dema's uncle's testimony regarding the severity of possible persecution for his family, including Dema, in Albania was undermined by his willingness to return there. Lastly, the IJ was reasonable in questioning Dema's commitment to the DP because he was unaware of changing conditions in Albania. Because of these inconsistencies, the IJ was reasonable in questioning Dema's veracity, and it can be confidently predicted that the agency would affirm its adverse credibility determination on remand.

Because the IJ's adverse credibility finding is supported by substantial evidence, the IJ was reasonable in denying Dema's withholding of removal claim. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Since Dema's CAT claim was based on the same facts as his asylum claim, the IJ also did not err in denying Dema's CAT claim on adverse credibility grounds. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 297 (2d Cir.2006).

■ However, we disagree with the IJ's frivolous finding, and it will be reversed. An asylum application may be deemed frivolous if any of its material elements is deliberately fabricated. 8 C.F.R. § 1208.20. In this case, the IJ determined that Dema's claim was deliberately fabricated based on the same findings used in his adverse credibility determination. This is insufficient alone to support a frivolous finding. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 115, 116 n. 5 (2d Cir.2006). Although the IJ repeatedly used the key phrases in the frivolous regulations, the IJ's credibility finding is not based on any specific factors that tend to prove Dema fabricated his claim. Since many of IJ's adverse credibility factors were unsupported, and since almost all of the non-erroneous factors fail to specifical-ly address Dema's alleged fabrication of his claims, we conclude that the IJ's frivolous finding is unsupported and is reversed.

Accordingly, the petition for review is DENIED, except that the agency's frivolous finding is REVERSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).